UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT HAYES,<br><br>                Plaintiff,<br><br>    v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. 3:24-cv-05141-TLF<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

      This matter comes before the Court on defendant's motion to dismiss plaintiff's complaint requesting that this Court order the Office of Social Security Administration to acknowledge evidence received from plaintiff and provide plaintiff with a more detailed explanation as to why his supplemental security income application was denied. Dkt. 5. Plaintiff is proceeding in this matter without representation by an attorney. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. Dkt. 8.

      Plaintiff filed a motion for extension of time (Dkt. 11) to respond to the motion to dismiss. Plaintiff also filed a document in response (Dkt. 12) to defendant's motion to dismiss, on the same date he filed the motion for extension of time. It appears that plaintiff filed a supplemental brief and requested additional time to do this. That motion (Dkt. 11) is granted; the Court GRANTS the motion for extension of time and accepts plaintiff's supplemental responding brief (Dkt. 13).

For the reasons set forth below, the Court GRANTS defendant's motion to dismiss.

BACKGROUND

On June 27, 2023, plaintiff filed an application for supplemental security income (SSI) benefits. Dkt. 5 at 2. On September 8, 2023 plaintiff's application was denied based on a determination that he had undisclosed resources from multiple bank accounts totaling $303,443.89. *Id*. On September 21, 2023 plaintiff filed a request for reconsideration. *Id*. He states that he included 43 bank statements and three years of purchases from Amazon. *Id*. Plaintiff states that he met with a Social Security representative and discussed the documents provided. *Id*. at 3.

On January 18, 2024 plaintiff's request for reconsideration was denied. *Id*. at 3. On February 20, 2024, plaintiff filed an application to proceed in forma pauperis (IFP) and a proposed complaint. Dkt. 1. On February 29, 2024, the Court granted plaintiff's IFP application. Dkt. 4. In the complaint, plaintiff raises one issue: "[d]id the Social Security Administration act in their non-discretionary function by considering an uncomplete file." Dkt. 5 at 4.

On April 29, 2024, the Commissioner of Social Security filed a motion to dismiss based on failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). The Commissioner contends plaintiff is required to exhaust administrative remedies before filing this action in United States District Court; plaintiff currently has a request for a hearing pending before the Social Security Administration (SSA) and therefore he does not have a judicially reviewable final decision. Dkt. 9.

1   The Commissioner also argues that the Court does not have jurisdiction to
2   consider plaintiff's mandamus claim. *Id*. at 5-6.

3                                   DISCUSSION

4   The Court's review of a motion to dismiss under Federal Rule of Civil Procedure
5   (Fed. R. Civ. P.) 12(b)(6) is limited to the complaint and documents incorporated into
6   the complaint by reference. *Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 998 (9th
7   Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A motion to
8   dismiss may be granted only if plaintiff's complaint, with all factual allegations accepted
9   as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*
10  *Twombly*, 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

15  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

16  A complaint must contain a "short and plain statement of the claim showing that
17  the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not
18  necessary; the statement need only give the defendant fair notice of what the ... claim is
19  and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007)
20  (internal citations omitted). However, the pleading must be more than an "unadorned,
21  the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

22  While the Court must accept all the allegations contained in the complaint as
23  true, the Court does not accept as true a "legal conclusion couched as a factual

allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570. A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities." *AE ex rel. Hernandez v. County of Tulare,* 666 F.3d 631, 636 (9th Cir. 2012).

A.  Exhaustion of Administrative Remedies

A federal district court's review of claims arising under Titles II and XVI of the Social Security Act is limited and may only occur after a "final decision" has been rendered by the Commissioner after a hearing before an ALJ. *See* 42 U.S.C. § 405(g); *Subia v. Commissioner of Social Security,* 264 F.3d 899, 902 (9th Cir.2001).

A claimant obtains the Commissioner's "final decision" qualifying for judicial review only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an administrative law judge (ALJ); and (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900(a), 416.1400(a). After the Appeals Council rules on a claimant's request for

review, the claimant may request judicial review in a federal district court. 20 C.F.R. §§ 404.981, 416.1481.

A claimant's failure to exhaust administrative remedies – that are required by the Social Security Act and the applicable regulations – deprives the district court of subject matter jurisdiction. *Bass v. Social Security Administration,* 872 F.2d 832, 833 (9th Cir.1989). The district court may wave a plaintiff's failure to exhaust administrative remedies and grant judicial review if the plaintiff asserts a colorable constitutional claim. *Subia*, 264 F.3d at 902.

Here defendant contends that plaintiff has failed to state a claim upon which relief may be granted because plaintiff has not exhausted the administrative process. Dk. 9 at 5. Defendant has submitted a declaration from Albert Saenz, a Management Analyst for SSA's Center for Disability & Program Support. *See* Dkt. 10. Mr. Saenz attests that plaintiff has requested a hearing before an ALJ but a hearing has not yet been scheduled. *Id*. at 2, 27.

Further, plaintiff has not furnished any evidence demonstrating the administrative review process is complete. Because there is no final decision for the Court to review, the Court does not have jurisdiction over plaintiff's claim. *See Bass v. Social Security Admin*., 872 F.2d 832, 833 (9th Cir. 1989) ("A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction.").

There is an exception to this rule if a claim is "(1) collateral to the substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve

1   the purposes of exhaustion (futility)." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir.
2   2003) (quotation omitted).
3          Here, plaintiff has not raised a claim that is collateral to the substantive claim of
4   entitlement because his claim is "bound up with the merits so closely that the court's
5   decision would constitute interference with agency processes." *Johnson v. Shalala*, 2
6   F.3d 9018, 922 (9th Cir. 1993) (quoting *Johnson v. Sullivan*, 922 F.2d 346, 353 (7th Cir.
7   1990) (cleaned up). Plaintiff asks the Court to require the SSA to consider evidence he
8   allegedly submitted to the agency and provide a more detailed explanation why his
9   claim was denied. Dkt. 5 at 4. Defendant states that plaintiff may present this evidence
10  to the ALJ who will provide a more detailed explanation after the hearing. Dkt. 9 at 4-5.
11  Additionally, defendant points to the agency's procedure that will allow plaintiff the
12  opportunity to review the information in his file. Dkt. 14 at 2 (citing Hearings, Appeals,
13  and Litigation Law Manual (Hallex) I-2-1-35, available at
14  https://www.ssa.gov/OP_Home/hallex/I-02/I-2-1-35.html).
15         Plaintiff's request is for review on the merits; this case is not a collateral
16  challenge to a policy of the SSA. *See Kildare,* 325 F.3d at 1083 (class action plaintiffs'
17  claims were not collateral when they consisted of "a series of claimed irregularities in
18  individual cases that is entirely dependent on the Appellants' underlying claims for
19  benefits and the proceedings before the State Defendants in making the initial disability
20  determination"); *see also Hironymous v. Bowen*, 800 F.2d 888, 894 (9th Cir. 1986)
21  (claim seeking to overturn finding that plaintiff was ineligible for benefits based on
22  adjusted findings was "inextricably intertwined" with claim for benefits regardless that

granting the writ would not immediately result in award of benefits). Therefore, plaintiff has not alleged a collateral claim.

Plaintiff also fails to raise a colorable constitutional claim. Plaintiff posits: "what is to prevent Social Security from denying the receipt of my 43 bank statements and three years of Amazon.com purchases by me submitting all these documents again?" Dkt. 12 at 5. Even if the Court considers this to be a constitutional claim, it is not colorable. A constitutional claim is colorable if it is not "wholly insubstantial, immaterial, or frivolous" and is based upon "facts sufficient to state a violation of substantive or procedural due process." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (quotations omitted). Plaintiff has not presented any evidence that he has been denied a hearing. Because plaintiff can present and review his evidence through the administrative process at a hearing conducted by an ALJ – and may also request review of the ALJ's decision by the Appeals Council, he has not presented facts sufficient to state a violation of substantive or procedural due process.

For the same reasons, plaintiff has not shown that further administrative proceedings would be futile. *Bass*, 872 F.2d at 833.

Therefore, under these circumstances 42 U.S.C. § 405(g) does not confer jurisdiction to this Court.

B.  Writ of Mandamus

Under 28 U.S.C. § 1361, federal district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus jurisdiction is available only if "(1) the individual's claim is clear and certain; (2) the

official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare*, 325 F.3d 1078, 1084 (quotation omitted). However, mandamus jurisdiction is not available unless the review process under 42 U.S.C. § 405(g) has been exhausted. *Hironymous*, 800 F.2d at 893.

As discussed above, plaintiff's claim has not been exhausted because he has not had a hearing before an ALJ and he has not sought review by the Appeals Council. Therefore, mandamus jurisdiction is not available.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion is GRANTED, plaintiff has failed to state a claim upon which relief can be granted. Additionally, because plaintiff has not exhausted his administrative remedies, leave to amend would be futile. Accordingly, plaintiff's claims are dismissed without prejudice.

Dated this 28th day of June, 2024.

Theresa L. Fricke
United States Magistrate Judge